Tedtmann v. Tedtmann.

## ERROR—TRUSTS AND TRUSTEES.

[Hamilton (1st) Circuit Court, December 5, 1908.]

Swing, Giffen and Smith, JJ.

### TEDTMANN V. TEDTMANN ET AL.

ERROR PROCEEDINGS TO CONFIRMATION OF REFERENCE FOR AN ACCOUNTING OF A TRUST, DO NOT PERMIT REVIEW OF PRIOR DECREE DECLARING TRUST.

The final decree, in a suit to (1) declare a trust in lands and (2) for an accounting of rents and profits, to which error may be prosecuted to review the question as to whether the land was held in trust or in fee is that in which the controversy as to title was determined; hence, such question cannot be reviewed on error to a subsequent decree confirming the report of the referee fixing the amount of rents and profits

[Syllabus approved by the court.]

ERROR to Hamilton common pleas court.

E. A. Hafner, for plaintiff in error.
Burch & Johnson, for defendant in error

SWING, J.

This was an action in the court of common pleas by the heirs of Martin Tedtmann, Sr., against Martin Tedtmann, Jr., wherein it was alleged that Martin Tedtmann, Sr., had purchased certain real estate in the city of Cincinnati and placed the same in the name of his son, Martin Tedtmann, Jr. That Martin Tedtmann, Sr., occupied and improved said property until the time of his death, in 1903. That since his death said Martin Tedtmann, Jr., has occupied said property and claims to own the same.

The court was asked to find that said property was held by said Martin Tedtmann, Jr., in trust for himself and his brothers and sisters, and account for rents and profits, and for the sale of the property and for equitable relief. Martin Tedtmann, Jr., denied the claim of plaintiffs and claimed to be the owner in fee simple of the premises. On September 10, 1906, the court rendered judgment in the case, stating its finding of fact and law separately. It found the issues in favor of the plaintiffs. That they were the owners of the premises and that the defendant held the legal title to the premises in trust for the plaintiffs. The court ordered the property sold and appointed a referee to ascertain the amount of the rents and profits for which Martin Tedtmann, Jr., was liable. To this decree Martin Tedtmann, Jr., prosecuted error in this court, the petition being filed May 7, 1907, and the case

numbered 4406. On June 3, 1907, this court struck the petition from the files for the reason that the petition was not filed within the time for which error might be prosecuted and therefore the court had no jurisdiction of the subject-matter.

Afterwards the referee made his report. The parties agreed as to the amount of the rents and profits and on this the referee made his report and this report was confirmed by the court on July 23, 1907, and a petition in error was filed in this case in this court November 20, 1907, although the bill of exceptions was not signed until December 21, 1907, being more than four months after the judgment confirming the referee's report.

There is no contention in this case that the report of the referee was wrong in any particular; his finding was conceded to be correct if the judgment of the court rendered September 10, 1906, was correct. And what Martin Tedtmann, Jr., seeks to set aside in this court is the decree of September 10, 1906, wherein it was found that he held the premises in question as a trustee for himself and his brothers and sisters, and he claims that the final judgment to which he has a right to prosecute error is the judgment of July 23, 1907, confirming the referee's report, and that the decree of the court rendered September 10, 1906, was merely interlocutory and it is brought up by the final decree of July 23, 1907, confirming the referee's report.

We are of the opinion the final decree to which error could have been prosecuted so as to bring before this court the question as to whether Martin Tedtmann, Jr., held this property in trust or in fee was the decree of September 10, 1906, wherein the court decided this controversy. Of course he could prosecute error to the judgment confirming the referee's report, but there is no claim that there is any error in the finding of the referee. *McRoberts* v. *Lockwood*, 49 Ohio St. 374 [34 N. E. Rep. 734].

Judgment affirmed.

**Giffen** and **Smith, JJ.**, concur.